COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|                              | §   |                              |
| ---------------------------- | --- | ---------------------------- |
| MARTIN GERARDO RIVAS,        | §   | No. 08-18-00208-CR           |
|                              | §   |                              |
| Appellant,                   | §   | Appeal from                  |
|                              | §   |                              |
| v.                           | §   | 41st District Court          |
|                              | §   |                              |
| THE STATE OF TEXAS,          | §   | of El Paso County, Texas     |
|                              | §   |                              |
| Appellee.                    | §   | (TC # 20180D02128)           |
|                              | §   |                              |

## <u>MEMORANDUM OPINION</u>

Appellant, Martin Gerardo Rivas, is attempting to appeal his conviction of theft of property valued at less than $2,500 with two or more previous theft convictions. *See* TEX.PENAL CODE ANN. § 31.03(e)(4)(D). We dismiss the appeal because the trial court certified that Appellant does not have a right to appeal.

Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure requires that the trial court enter its certification of a defendant's right of appeal each time it enters a judgment of guilt or other appealable order. TEX.R.APP.P. 25.2(a)(2). Appellant filed a timely notice of appeal, including the trial court's certification as required by Rules 25.2(a)(2) and 25.2(d), but the certification reflects that the appeal "is a plea-bargain case, and the defendant has NO right of appeal." The record supports the trial court's conclusion that Appellant waived his right to a jury trial and entered a negotiated guilty plea. In a plea-bargain case, a defendant may appeal only those matters

raised by written motion and ruled on before trial, or after getting the trial court's permission to appeal. TEX.R.APP.P. 25.2(a)(2)(A)(B). The appellate record does not reflect that the trial court ruled on any pre-trial motions or that Appellant obtained permission to appeal any issues.

The Clerk's Office notified Appellant that the certification reflects he has no right of appeal in this case and requested a response. Appellant's attorney filed a response stating that he is unable to rebut the certification. Based on the trial court's certification and the record before us, we conclude that Appellant does not have a right to appeal. Accordingly, we dismiss the appeal.

December 19, 2018

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)